**L. E. HARMON et ux., Plaintiffs,**

v.

**UNITED STATES of America,
Defendant.**

Civ. A. No. 2040.

United States District Court
W. D. Texas,
San Antonio Division.

July 27, 1962.

Rudy Rice, San Antonio, Tex., for plaintiffs.

William Murray, Asst. U. S. Atty., San Antonio, Tex., for defendant.

FISHER, District Judge.

L. E. Harmon and wife, Lola Gladys Harmon, brought a cause of action against the United States of America in the above entitled and numbered cause for personal injuries received by the Plaintiff, Lola Gladys Harmon, and for property damages to a 1948 Jeep Station Wagon owned by L. E. Harmon and wife, Lola Gladys Harmon, which personal injuries and property damages were incurred on December 2, 1953, at approximately 4:30 P.M. in a collision between said 1948 Jeep Station Wagon driven by Plaintiff, Lola Gladys Harmon, and a 1951 Chevrolet Sedan staff car owned by the United States of America, assigned to Fort Sam Houston BAMC, and being driven by Woodrow Adkins, a soldier stationed at Fort Sam Houston, San Antonio, Texas. The accident happened at the intersection of Military Highway, which is sometimes called Loop 13, and Nacogdoches Road, Bexar County, Texas, and Plaintiffs alleged that the Defendant acting by and through its employee in the scope of his employment and in the line of duty was guilty of negligence: (a) In driving the Defendant's automobile at an excessive rate of speed, (b) In failing to have the automobile under proper control, (c) In failing to keep a proper lookout for Plaintiff, Lola Gladys Harmon, (d) In failing to apply the brakes of Defendant's vehicle, (e) In failing to guide Defendant's automobile to the right and thereby avoid striking Plaintiff's automobile, (f) And alleged the doctrine of discovered peril; and that each of such acts of negligence, separately and concurrently, was a proximate cause of the collision and the damages sustained by the Plaintiffs. It is also alleged that as a proximate result of such negligence on the part of Defendant, the Plaintiff, Lola Gladys Harmon, suffered and sustained physical, mental, nervous, and psychotic injuries of a permanent nature causing her physical pain and mental anguish in the past and in the future; loss of earnings and impairment of earning capacity in the past and future; past and future medical expenses,

and $721.00 for property damages to Plaintiffs' automobile, and prayed for damages in the total amount of $102,-421.00. The Defendant denies liability and alleges contributory negligence on the part of Mrs. Harmon.

Judgment is rendered for the Plaintiffs and against the Defendant for the total sum of $18,221.00, and in support of said judgment, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. I find that on December 2, 1953, at approximately 4:30 P.M. a collision occurred between a 1948 Jeep Station Wagon owned by L. E. Harmon and wife, Lola Gladys Harmon, and being driven by Plaintiff, Lola Gladys Harmon, and a 1951 Chevrolet Sedan staff car owned by the Defendant, United States of America, assigned to Fort Sam Houston BAMC and being driven by Woodrow Adkins, a soldier stationed at Fort Sam Houston, San Antonio, Texas.

2. At the time of said collision, the automobile being driven by said Lola Gladys Harmon was traveling in an easterly direction on Military Highway which is sometimes called Loop 13, and which is north of San Antonio, in Bexar County, Texas. That as Plaintiff approached the intersection of Nacogdoches Road and Military Highway, intending to turn to the left or in a northerly direction off Military Highway on to Nacogdoches Road, she gradually slowed down and drove next to the center line of the highway at which point she stopped the front of the car heading slightly to the left and just about on the center stripe. This stop was made to permit a car coming in the opposite direction to pass by her before she completed her turn north onto Nacogdoches Road; that as Plaintiff was stopped, an automobile belonging to the Defendant and driven by a Private, Woodrow Adkins, for the Defendant, was also going in an easterly direction on Military Highway and was traveling at an excessive rate of speed; that while the Plaintiff, Mrs. Harmon, was stopped

waiting for oncoming traffic to clear before making her turn to the left, her automobile was struck violently from the rear by the automobile belonging to the Defendant, and the Plaintiffs' automobile was hurled into the air and the Plaintiff, Mrs. Harmon, was thrown out of her seat back through the station wagon and out the back end onto the pavement.

3. I find that as a direct and natural result of the collision, Lola Gladys Harmon sustained personal injuries and the automobile owned by the Plaintiffs was damaged to the extent of $721.00.

4. That at the time of the above mentioned collision, the Defendant, United States of America, was the owner of the 1951 Chevrolet Sedan staff car and the driver, Private Woodrow Adkins, was in the services of the Defendant and was driving said automobile at the direction of the Defendant, and that on the occasion of the accident was then and there acting in the course and scope of his service for said Defendant.

5. That the collision between the two above mentioned vehicles occurring December 2, 1953, at the intersection of Loop 13 and Nacogdoches Road in San Antonio, Bexar County, Texas, and the resulting injuries sustained by Lola Gladys Harmon and the damages to the automobile which she was driving, were each and all proximately caused by the negligence of said Private Woodrow Adkins on the occasion in question in the following respects:

(a) Woodrow Adkins was driving the automobile at an excessive rate of speed at the time and place in question and at a rate of speed which was unsafe under the circumstances and conditions then existing.

(b) Woodrow Adkins failed to keep a proper lookout for other vehicles on the highway on the occasion in question.

(c) Woodrow Adkins failed to keep the vehicle which he was operating under proper control under

the circumstances on the occasion in question.

6. Lola Gladys Harmon was free of any negligence proximately causing or proximately contributing to cause the collision in question.

7. As a natural result of the personal injuries sustained by Lola Gladys Harmon as a proximate and direct result of the collision, Plaintiff suffered damages in the sum of $18,221.00 apportioned as follows: $6,000.00 for loss of earnings and services, $10,000.00 for physical injuries and for mental pain and suffering, $1,500.00 for medical expenses past, present, and future, and $721.00 for property damages.

8. The Court further finds that the mental condition which Plaintiff is suffering was not caused by the traumatic injuries that she received in the accident; that the mental condition and psychotic condition diagnosed by the doctor as paranoid schizophrenia is a condition that resulted rather recently as compared to the time that has transpired since the date of the accident in 1953, and the Court concludes that if there is any relationship existing between the accidental injuries sustained by Lola Gladys Harmon in her present mental condition, it is a fact that a lawsuit is pending and her apprehension and reluctancy to have the case tried, brought on this mental condition, or this reaction which she now has; that it would be unfair, in the Court's opinion, to say that the Defendant would be responsible for this condition and should be liable in damages for a mental condition which might not exist for a long period in the future. The reaction which Plaintiff has to the lawsuit is something that the Court feels would be entirely too speculative and too conjectural, and too remote to say that the Defendant would be responsible in damages for that condition. Therefore, the above damages are confined to the injuries that were received and the consequences of these injuries from a medical standpoint and also from a loss of earnings, services, and the phys-ical bodily injury and mental pain and suffering resulting from the physical injuries received.

## CONCLUSIONS OF LAW

1. That at the time and on the occasion made the basis of this suit, Woodrow Adkins was driving said 1951 Chevrolet Sedan staff car as the agent, servant, and employee of the Defendant, United States of America, and was then and there acting in the course and the scope of his service.

2. That each and all of the acts and omissions as set out in Paragraph 5 hereof, on the part of Woodrow Adkins in driving and operating said automobile constituted negligence and each said act or omission was a direct and proximate cause of the personal injuries suffered by Lola Gladys Harmon as hereinbefore specified, and the damages directly and proximately resulting therefrom; and the damages to Plaintiff's said automobile directly and proximately resulted from said acts and omissions found herein to constitute negligence.

3. That from my finding of fact under Paragraph 6 of the foregoing Findings of Fact, I hereby conclude that Lola Gladys Harmon was guilty of no act or omission of negligence that proximately caused or contributed to cause the collision which is made the basis of this action.

4. That from my Findings of Fact under Paragraph 7, Plaintiffs are entitled to judgment against the United States of America for $18,221.00; that the Defendant, United States of America, deduct from the sum adjudged to be paid the Plaintiff, L. E. Harmon, for himself and his wife, Lola Gladys Harmon, the following sums, and pay the same to the following Plaintiffs' attorneys of record:

(a) Five Hundred ($500.00) Dollars to Mr. Clinton G. Brown, Jr. and Mr. Blair Reeves.

(b) Five Hundred ($500.00) Dollars to Mr. J. Sa. Levey.

(c) Two Thousand Six Hundred ($2,600.00) Dollars to Mr. Rudy

228

Rice, as reasonable attorneys' fees for the services rendered to Plaintiffs in this litigation.

(d) That Plaintiffs recover cost as allowed by law.